**In re D.A., Appellant.**

**No. 89–1409.**

District of Columbia Court of Appeals.

Argued Sept. 10, 1991.
Decided Oct. 23, 1991.
As Amended Nov. 18, 1991.

---

Anita Josey, Public Defender Service, with whom James Klein, Public Defender Service, was on the brief, for appellant.

Sidney R. Bixler, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, were on the brief, for appellee.

Before ROGERS, Chief Judge, TERRY, Associate Judge, and MACK, Senior Judge.

PER CURIAM:

After a bench trial, appellant D.A. was found guilty of first-degree murder while armed, D.C.Code §§ 22–2401, –3202 (1989), carrying a pistol without a license, *id.* § 22–3204, and possession of unregistered ammunition, *id.* § 6–2361. On appeal, D.A.

claims that the trial court improperly permitted the government to impeach two of its own witnesses. Although we agree with appellant that the trial court misapplied the concept of "affirmative damage" for impeachment purposes,[1] we find that the error was harmless.

At trial, among the several witnesses called by the prosecution were Anthony Drayton and Larry Graham. Their collective testimony, if believed, established that Damion Champion ("Champion") and D.A. were present at the time and place of the shooting. Champion pulled out a shotgun and D.A. pulled out a handgun. Both fired at the decedent, Darryl Murchison.

At issue here is the testimony of other prosecution witnesses Danarian Boykin ("Boykin") and Sherman Copeland ("Copeland"). Rather than clearly identifying Champion and D.A. as the prosecution anticipated, Boykin testified that all he saw "was two guys with hoods on." At that point, the prosecution claimed surprise. The prosecution was then allowed to impeach Boykin. In conversations with the prosecutor and at the prior grand jury proceeding, Boykin consistently had identified the gunmen as Champion and D.A. and had testified that he saw both pull out guns and shoot Murchison. Confronted with his prior statements, he adhered to his trial testimony.

On the other hand, Copeland at trial testified that he saw Champion and D.A. on the porch of Champion's home, which was located within one block of the intersection where the shooting occurred. When asked whether he saw Champion and D.A. leave the porch, Copeland replied, "No. They could have walked up the street." The prosecution claimed surprise, and was allowed to impeach Copeland. In conversations with the prosecutor and before the grand jury, Copeland had testified that he saw Champion and D.A. walk together toward the intersection where the shooting occurred. When confronted with his prior

---

1. *See Jefferson v. United States,* 558 A.2d 298 (D.C.1989), *modified,* 571 A.2d 178 (D.C.1989), *cert. denied,* 493 U.S. 1032, 110 S.Ct. 748, 107 L.Ed.2d 765 (1990).

testimony, Copeland adopted his prior statements, but later recanted.

 A party may impeach its own witness with a prior inconsistent statement under D.C.Code § 14–102 only if the party has been taken by surprise by the testimony of the witness, and can demonstrate affirmative damage to its case as well. *Jefferson v. United States, supra* note 1, 558 A.2d at 301. The sole purpose of impeachment is to cancel or neutralize any damaging effect of the surprising testimony and not to supply anticipated testimony. *Scott v. United States,* 412 A.2d 364, 367 (D.C.1980).

 On appeal, this court may only disturb the trial court's finding of surprise if the ruling is without any rational basis. *Stewart v. United States,* 490 A.2d 619, 624 (D.C.1985). In the instant case, the prosecution was justified in claiming surprise. It sought to elicit from Boykin and Copeland testimony that clearly identified D.A. as one of the two gunmen who shot Murchison. Their actual trial testimony was inconsistent with their grand jury testimony. Boykin and Copeland failed to name D.A. as the gunman at trial.

However, the prosecution's argument that the purpose of its requested impeachment was to neutralize the damaging effect of the surprising testimony is not convincing.[2] The prior testimony of Boykin and Copeland was crucial to the government's case only if other eyewitnesses were not credible. This was not the case. Boykin and Copeland's performance at trial certainly could have weakened the government's case, but could not have constituted affirmative damage in view of other evidence. We can only conclude that the purpose of impeachment was to supply anticipated testimony. Thus, impeachment was improperly permitted.

 At most, the impeachment was harmless error. The testimony of other prosecution witnesses, if believed, established that appellant D.A. was armed and did indeed shoot Murchison. There was evidence to support the trial court's finding of guilt.

Accordingly, the judgment on appeal is

*Affirmed.*

---

**2.** *Price v. United States,* 545 A.2d 1219 (D.C.1988), relied upon by the government, is inapposite. There the challenged testimony attempted to exculpate the defendant.